919 P.2d 333

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robby Joe MOWREY, Defendant–Appellant.**

**No. 21805.**

Supreme Court of Idaho,
Boise, March 1996 Term.

June 19, 1996.

Randall D. Schulthies, Bannock County Public Defender, Pocatello, for appellant. David R. Martinez argued.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General (argued), Boise, for respondent.

TROUT, Justice.

Robby Joe Mowrey appeals the denial of a motion, under I.C. § 19–2604(2), to reduce his conviction from a felony to a misdemeanor. Specifically, he contends that the exclusion from the provision of persons convicted of certain sex offenses against children constitutes a denial of equal protection of the laws in violation of the United States and Idaho constitutions.

## I.

### BACKGROUND AND PROCEDURAL HISTORY

Mowrey was originally charged with rape, but ultimately entered a plea of guilty to an

amended charge of lewd conduct with a minor under the age of sixteen, a violation of I.C. § 18–1508. The district court sentenced him to a unified seven-year prison term with two years fixed. However, the sentence imposed was subsequently suspended and Mowrey was placed on supervised probation. On July 10, 1992, Mowrey filed a motion requesting that he be released from probation, and that his conviction be reduced from a felony to a misdemeanor pursuant to I.C. § 19–2604(2). The district court granted the motion for release from supervised probation, but denied the motion to reduce the conviction.

## II.

### DISCUSSION

I.C. § 19–2604(3) states that "[s]ubsection 2 of this section shall not apply to any judgment of conviction for a violation of the provisions of sections 18–1506 [dealing with sexual abuse of a child under age sixteen], 18–1507 [dealing with sexual exploitation of a child] or 18–1508 [dealing with lewd conduct with a minor under age sixteen], Idaho Code." On appeal, Mowrey points to the fact that persons convicted of some sex offenses against children cannot seek the benefits of § 19–2604(2), while persons convicted of other types of sex offenses against children are not so excluded. Thus, according to Mowrey, similarly situated individuals are not afforded equal protection of the laws in violation of both the federal and state constitutions.

 Error will not be presumed on appeal, but must be affirmatively shown in the record. The appellant has the burden of providing an adequate record on appeal from which the Court can conduct an intelligent review of a trial court's decision. *E.g., Farmers National Bank v. Shirey*, 126 Idaho 63, 72, 878 P.2d 762, 771 (1994) (citing *Rutter v. McLaughlin*, 101 Idaho 292, 612 P.2d 135 (1980)). In the present case, we have no means of determining the basis upon which Mowrey's motion to reduce was denied, or whether the constitutionality of I.C. § 19–2604(3) was even raised below. The record simply reflects the fact that a motion was made to reduce the sentence, and that the motion was denied. There is no record of the hearing on the motion, or of the reasoning employed by the district court in denying the motion. Thus, even if we were to conclude that § 19–2604(3) is unconstitutional and that Mowrey is entitled to a decision on the merits of his motion, we have no way of determining that he was not afforded such an opportunity; the district court may have disregarded § 19–2604(3) and, in its discretion, denied the motion on the merits. Because we refuse to speculate as to the reasons for the district court's decision and because we presume, in the absence of an adequate record, that the lower court based its decision on appropriate grounds, that decision is hereby affirmed.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.