992 P.2d 202

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Joch Damon SHOCK, Defendant-Appellant.**

No. 25130.

Court of Appeals of Idaho.

Dec. 15, 1999.

Review Denied Jan. 26, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger argued.

PERRY, Chief Judge.

Joch Damon Shock appeals from the district court's order denying his motion to amend his felony judgment of conviction to a misdemeanor pursuant to I.C. § 19–2604(2). For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In November 1992, Shock pled guilty to one count of forgery pursuant to a plea agreement, and two additional counts of burglary were dismissed. The district court sentenced Shock to a unified term of seven years, with two years fixed, and retained jurisdiction. Pursuant to the recommendation of the Idaho Department of Corrections (IDOC), the district court suspended Shock's sentence and placed him on probation for a term of five years. Approximately one year later, the IDOC recommended that Shock be given an early discharge from probation. Following the recommendation, the district court entered an order in August 1994, discharging Shock from probation and directing that the forgery charge be entered as a conviction.

In September 1998, Shock moved to amend his felony judgment of conviction to a misdemeanor pursuant to I.C. § 19–2604(2). Although Shock had complied with the terms and conditions of his probation, the district court denied Shock's motion on three independent and alternative grounds. First, the district court considered Shock's 1994 probation discharge order which was signed by District Judge Winmill and concluded that Shock's motion had been previously considered and denied. Second, the district court concluded that Shock's motion should have been made four years earlier, at the time that Shock was granted an early discharge from probation. Third, the district court concluded that Shock's judgment of conviction should not be amended based on events which occurred before Shock was placed on probation. Shock appeals, arguing that the district court abused its discretion in denying his motion.

## II.

### DISCUSSION

The granting of a motion to amend a judgment of conviction pursuant to I.C. § 19–2604(2) rests within the discretion of the district court. *State v. Wiedmeier,* 121 Idaho 189, 191, 824 P.2d 120, 122 (1992); *Housley v. State,* 119 Idaho 885, 887, 811 P.2d 495, 497 (Ct.App.1991). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The district court denied Shock's motion on three alternative grounds, only one of which need support an affirmation of the district court's denial on appeal. The state conceded two of the grounds at oral argument. First, the state conceded that the district court erred in construing Shock's probation discharge order as previously disposing of Shock's motion to amend his judgment. Second, the state conceded that the district court erred in determining that Shock's motion was time-barred. Thus, this Court need only determine whether the district court abused its discretion in denying Shock's motion based on events that occurred before Shock was placed on probation.

Contemporaneously with the charges in the instant case, Shock was charged with felony theft in Ada County. In both the Ada County case and the instant case, Shocked was released pending sentencing. In violation of the conditions of his release in the instant case, Shock allegedly pawned stolen property, the same property for which he had been charged with theft in Ada County. Eventually, Shock was convicted and received a concurrent sentence in the Ada County case. In denying Shock's motion to amend his judgment from a felony to a misdemeanor, the district court specifically cited

Shock's Ada County conviction for felony theft and his violation of the terms of his release as part of the basis for its denial. Shock argues on appeal that I.C. § 19–2604(2) prohibits the district court from considering these events because they occurred before he was placed on probation.

Idaho Code Section 19–2604(2) creates a procedure whereby a successful probationer who has been convicted of a felony can request the district court to amend the judgment so that the harsh consequences of a felony record can be avoided. Idaho Code Section 19–2604(2) provides:

> If the sentence has been imposed but suspended during the first one hundred and eighty (180) days of a sentence to the custody of the state board of correction, and the defendant placed upon probation as provided in subsection 4 of section 19–2601, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his probation, the court may amend the judgment of conviction from a term in custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension and the amended judgment may be deemed to be a misdemeanor conviction.

 The construction and application of a legislative act presents a pure question of law that we review freely. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). When a statute is clear and unambiguous, it must be interpreted in accordance with its language, courts must follow it as enacted, and a reviewing court may not apply rules of construction. *Id.*

 The plain language of I.C. § 19–2604(2) does not limit the district court's discretion to a consideration of events occurring after Shock was placed on probation. Certain prerequisites must be satisfied before "the court *may* amend the judgment of conviction." I.C. § 19–2604(2) (emphasis added). One of these prerequisites mandates that the defendant comply the terms and conditions of his or her probation at all times. *Schumacher*, 131 Idaho at 487, 959 P.2d at 468. When these prerequisites are satisfied, thereby empowering the district court to exercise its discretion, they place no further limitation on the district court in determining whether to grant or deny an I.C. § 19–2604(2) motion. Thus, I.C. § 19–2604(2) does not prohibit the district court from considering events that occurred before the defendant was placed on probation. We decline to read such a limitation into the statute.

Shock's argument that the district court was prohibited from considering his pre-probation conduct is also unsupported by our decision in *Housley v. State*, 119 Idaho 885, 811 P.2d 495 (Ct.App.1991). Although the issue in *Housley* was the timeliness of the motion, this Court instructed the district court on remand to review the transcripts of Housley's *sentencing* hearings. This Court further directed the district court to make its discretionary decision "in light of events occurring *after* the end of Housley's probationary period *as well as before.*" *Id.*, 119 Idaho at 890, 811 P.2d at 500 (emphasis added). We read *Housley* as specifically mandating the trial court to consider all events before and after the imposition of probation when considering a motion to amend a judgment from a felony to a misdemeanor.

 The district court denied Shock's motion because he was sentenced in Ada County for felony theft and violated the terms of his pre-sentencing release. Based upon the plain language of I.C. § 19–2604(2) and our opinion in *Housley*, the district court did not abuse its discretion in considering these pre-probation events. Therefore, the district court's order denying Shock's motion for amendment of his judgment of conviction pursuant to I.C. § 19–2604(2) is affirmed.

Judge LANSING, and Judge Pro Tem ST. CLAIR, concur.