9 P.3d 1217

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robby Joe MOWREY, Defendant–Appellant.**

**No. 25215.**

Supreme Court of Idaho,
Idaho Falls, May 2000 Term.

Sept. 1, 2000.

Randall D. Schulthies, Bannock County Public Defender, Pocatello, for appellant. David R. Martinez argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Rebekah A. Cude argued.

KIDWELL, Justice.

Robby Joe Mowrey appeals from the district court's denial of his motion to amend his judgment of conviction for lewd conduct with a minor child from a felony to a misdemeanor. He asserts that the district court denied his motion based on I.C. § 19–2504(3) and that application of the statute violated his equal protection rights. We affirm the order of the district court.

## I.

## FACTS AND PROCEDURAL HISTORY

This is the second time Mowrey's case has come before this Court. The facts, as stated in the previous decision, are as follows:

Mowrey was originally charged with rape, but ultimately entered a plea of guilty to an amended charge of lewd conduct with a minor under the age of sixteen, a violation of I.C. § 18–1508. The district court sentenced him to a unified seven-year prison term with two years fixed. However, the sentence imposed was subsequently suspended and Mowrey was placed on supervised probation. On July 10, 1992, Mowrey filed a motion requesting that he be released from probation, and that his conviction be reduced from a felony to a misdemeanor pursuant to I.C. § 19–2604(2). The district court granted the motion for release from supervised probation, but denied the motion to reduce the conviction.

*State v. Mowrey,* 128 Idaho 804, 804–05, 919 P.2d 333, 333–34 (1996).

Mowrey appealed. Before this Court, Mowrey argued that the denial was based on I.C. § 19–2504(3) and that application of the statute violated his equal protection rights. *Mowrey,* 128 Idaho at 805, 919 P.2d at 334. Because the device recording the proceedings had malfunctioned, no transcript of the hearing was available. This Court affirmed, noting that it could not determine the basis for the district court's decision from the record presented. *Id.*

In 1998, Mowrey again moved to amend his felony judgment of conviction to a misdemeanor. The district court denied the motion. It affirmed the denial after Mowrey moved for reconsideration. Mowrey filed a timely notice of appeal.

## II.

## ANALYSIS

### A. The District Court Denied Mowrey's Motion to Amend his Felony Conviction to a Misdemeanor by Applying Section 19–2604(3) of the Idaho Code.

■ Section 19–2604(2) of the Idaho Code allows a defendant who has received a suspended sentence and complied with all probationary terms to move to amend a judgment of conviction. If granted, the amendment serves to reduce the judgment from a felony to a misdemeanor. The granting of a motion to amend under I.C. § 19–2604(2) rests within the discretion of the district court. I.C. § 19–2604(2); *State v. Wiedmeier,* 121 Idaho 189, 191, 824 P.2d 120, 122 (1992); *State v. Shock,* 133 Idaho 753, 754, 992 P.2d 202, 203 (Ct.App.1999).

Subsection 3 of the statute, however, states that persons convicted of certain crimes, including lewd conduct with a minor child, may not receive any relief under I.C. § 19–2604(2):

Subsection 2 of this section shall not apply to any judgment of conviction for a violation of the provisions of sections 18–1506, 18–1507 or 18–1508, Idaho Code. A judgment of conviction for a violation of the

provisions of any section listed in this subsection shall not be expunged from a person's criminal record.

I.C. § 19–2604(3).

Mowrey contends that the district court based its refusal to reduce his sentence on I.C. § 19–2604(3). On appeal, the State contends that an alternative basis for the decision was an exercise of the district court's discretion. Because Mowrey did not argue the abuse of discretion issue, the State asserts, the decision must be upheld.

We reject the State's contention that the district court based its decision on the exercise of its discretion. As the State pointed out at the hearing on Mowrey's motion for reconsideration, the mandatory language of Section 19–2604(3) prohibits a district court from amending the conviction of a person convicted of lewd conduct with a minor child, I.C. § 18–1508. At this hearing, Mowrey and the State argued the constitutionality of Section 19–2604(3) at length. At the end of the hearing, the district court accepted the State's reasoning as "the deciding factor" and rejected Mowrey's contention that application of Section 19–2604(3) to his case constituted an equal protection violation. Therefore, the district court based its refusal to amend Mowrey's sentence on Section 19–2604(3) of the Idaho Code, rather than on the exercise of its discretion.

**B. Application of Section 19–2604(3) of the Idaho Code Did Not Violate Mowrey's Equal Protection Rights Under the Fourteenth Amendment to the United States Constitution or Article I, Section 2 of the Idaho Constitution.**

Mowrey contends that Section 19–2604(3) violates the equal protection guarantees of the United States and Idaho Constitutions by prohibiting some, but not all, defendants who have committed sexual offenses against minors from enjoying the benefits of I.C. § 19–2604(2). He asserts that Section 19–2604(3) discriminates against persons who have been charged with sexual offenses against minors under I.C. §§ 18–1506, 18–1507, and 18–1508 [1] because it allows persons convicted of sexual offenses against minors under other statutes such as I.C. §§ 18–1506A, 18–1508A, and 18–6101 [2] to have their felony convictions reduced to misdemeanors pursuant to I.C. § 19–2604(2).

When this Court performs an equal protection analysis, it identifies the classification under attack, articulates the standard under which the classification will be tested, and then determines whether the standard has been satisfied. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 395, 987 P.2d 300, 307 (1999). Legislative acts are presumed to be constitutional, with any doubt concerning interpretation of a statute being resolved in favor of finding the statute constitutional. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 261, 954 P.2d 676, 679 (1998). Therefore, Mowrey bears the burden of overcoming the presumption of the validity of Section 19–2604(3). *See id.*

Mowrey attacks Section 19–2604(3)'s classification of persons convicted of I.C. §§ 18–1506, 18–1507, and 18–1508 as ineligible for relief under subsection (2). He asserts that Section 19–2604(3) discriminates between equally situated persons who have been convicted of sexual offenses against minors, because it allows some to have their sentences reduced to misdemeanors, while it prohibits others from the same relief who may have committed the same acts. As Mowrey notes, if he had pleaded guilty to rape (the offense with which he was originally charged), he would have been eligible to have his felony judgment amended to a misdemeanor.

Different levels of scrutiny apply to equal protection challenges. When considering the Fourteenth Amendment, strict scrutiny applies to fundamental rights and suspect classes; intermediate scrutiny applies to classifications involving gender and illegitimacy; and rational basis scrutiny applies to

1. I.C. § 18–1506 concerns sexual abuse of a child under the age of sixteen; 18–1507, commercial sexual exploitation of a child under the age of eighteen; and 18–1508, lewd conduct with a child under the age of sixteen.

2. I.C. § 18–1506A concerns ritualized abuse of a child; 18–1508A, sexual battery of a minor child sixteen or seventeen years of age; and 18–6101, rape.

all other challenges. *See Meisner*, 131 Idaho at 261–62, 954 P.2d at 679–80. For analyses made under the Idaho Constitution, slightly different levels of scrutiny apply. Strict scrutiny, as under federal law, applies to fundamental rights and suspect classes. *Id.* at 261, 954 P.2d at 679. Means-focus scrutiny, unlike the federal intermediate scrutiny, is employed "where the discriminatory character of a challenged statutory classification is apparent on its face and where there is also a patent indication of a lack of relationship between the classification and the declared purpose of the statute." *Coghlan*, 133 Idaho at 395, 987 P.2d at 307 (quoting *Jones v. State Bd. of Med.*, 97 Idaho 859, 871, 555 P.2d 399, 411 (1976)). Rational basis scrutiny applies to all other challenges. *See id.*

Mowrey asserts that this Court should apply the means-focus standard to review his equal protection claim. Intermediate-level scrutiny under the Fourteenth Amendment is not appropriate because this case does not involve gender or illegitimacy. *See Meisner*, 131 Idaho at 261, 954 P.2d at 679. Analyzing Mowrey's claim under Article I, Section 2 of the Idaho Constitution, it is clear that means-focus scrutiny is also inapplicable. Any discriminatory character between different levels of sex offenders is not apparent on the face of Section 19–2604(3). Moreover, there is no patent indication of a lack of relationship between the classification and the legislative purpose of Section 19–2604(3). The statute's purpose is "to provide that a record of conviction for physical or sexual abuse of a child cannot be reduced to a misdemeanor or expunged from the record." 1989 Idaho Sess. Laws ch. 305. The bill's detailed statement of purpose explained that it was meant to amend I.C. § 19–2604 "so that there would be no allowable amendment of judgment afforded to offenders of *certain* crimes against children"—namely, I.C. §§ 18–1506, 18–1507, and 18–1508. Statement of Purpose, RS 22612 (1989) (emphasis added). Because the statute's classification directly relates to its declared purpose, means-focus scrutiny does not apply. Therefore, it is appropriate to apply rational basis scrutiny to Mowrey's equal protection claim.

Under both the United States and Idaho Constitutions, a classification will pass rational basis review if it is rationally related to a legitimate government purpose and "if there is any conceivable state of facts which will support it." *Meisner*, 131 Idaho at 262, 954 P.2d at 680 (quoting *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985)). Courts applying rational basis review do not judge the wisdom or fairness of the challenged legislation. *Coghlan*, 133 Idaho at 396, 987 P.2d at 308.

Section 19–2604(3) increases the penalties for certain sexual crimes against children—sexual abuse (I.C. § 18–1506), commercial sexual exploitation (I.C. § 18–1507), and lewd conduct (I.C. § 18–1508). The State has a legitimate interest in protecting minor children from sexual exploitation and abuse. *See, e.g., State v. McAway*, 127 Idaho 54, 61–62, 896 P.2d 962, 969–70 (1995); *State v. Hernandez*, 122 Idaho 227, 231, 832 P.2d 1162, 1166 (Ct.App.1992). Increasing penalties for certain sexual offenses committed against children is a rational method of protecting children. *Cf. State v. Snow*, 120 Idaho 277, 280, 815 P.2d 475, 478 (Ct.App.1991). The State certainly has a legitimate interest in deterring criminal conduct. Increasing criminal penalties is a rational and well-known tool for attempting to deter criminal conduct. *See, e.g., State v. Rogerson*, 132 Idaho 53, 57, 966 P.2d 53, 57 (Ct.App.1998). While Section 19–2604(3) does not equally penalize all possible sexual offenses against children, it is directly and rationally related to the purposes of deterring sexual offenses against children. Its rational relationship to the purpose of deterring sexual crimes against children is not diminished by the fact that it does not cover every conceivable statute under which a person could be convicted of such acts. *Cf. State v. Payan*, 132 Idaho 614, 617–18, 977 P.2d 228, 231–32 (Ct.App.1998) (holding that prosecutor's discretion to choose between statutes proscribing same conduct but providing for different penalties does not violate equal protection guarantees of United States or Idaho Constitutions). Therefore, Section 19–2604(3) does not violate the equal protection

guarantees of the United States or Idaho Constitutions.

## III.

## CONCLUSION

We find that the district court denied Mowrey's motion to amend his felony conviction to a misdemeanor by applying I.C. § 19–2604(3), not by exercising its discretion. Application of this statute did not violate Mowrey's equal protection rights under the Fourteenth Amendment to the United States Constitution or Article I, Section 2 of the Idaho Constitution. Therefore, the order of the district court is affirmed.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS concur.