44 P.3d 295

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Harold Michael HANES, Defendant–Respondent.**

No. 27340.

Court of Appeals of Idaho.

March 13, 2002.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for appellant. Karen A. Hudelson argued.

Gregory C. Dickison, Moscow, for respondent.

PERRY, Chief Judge.

The state of Idaho appeals the district court's order setting aside Harold Michael Hanes's guilty plea and dismissing the case. We reverse and remand.

In 1997, Hanes pled guilty to grand theft. The district court withheld judgment, placed Hanes on three years' probation, and ordered him to pay restitution and court costs in the amount of $2,393.50. As a condition of probation, Hanes was ordered to pay $35 per month for probation supervision and to repay the restitution in a manner prescribed by his probation officer.

In September 1998, a report of probation violation was filed, alleging that Hanes had violated his probation by failing to make timely restitution and probation supervision payments. The state filed a motion for an order to show cause why Hanes's probation should not be revoked and his sentence imposed. The district court issued the order to show cause, but prior to the hearing Hanes

paid his arrearage. The state filed a motion to withdraw the probation violation. The district court granted the motion and withdrew the order to show cause.

In September 2000, another report of probation violation was filed alleging that Hanes had violated his probation by failing to make timely restitution and probation supervision payments. The state filed a motion for an order to show cause, which the district court issued. Prior to the hearing on the order to show cause, the state sought to withdraw its motion because Hanes had again paid the balance of his restitution and probation supervision costs. The district court granted the motion and withdrew the order to show cause.

The next month, the district court issued an order discharging Hanes from probation. Several months later, Hanes filed a motion to set aside his guilty plea and have the case dismissed. The motion indicated that Hanes had at all times complied with the terms and conditions of his probation and was therefore entitled to withdraw his guilty plea and have the case dismissed pursuant to I.C. § 19–2604(1). In effect, Hanes was requesting a partial expungement, which would reinstate his plea of not guilty.[1] The state filed a response to the motion, arguing that the two reports of probation violation contained in the court file indicated that Hanes had not complied at all times with the terms and conditions of his probation and that Hanes was not entitled to the relief sought.

The district court heard oral argument on the motion and concluded that the reports of probation violation did not constitute adjudicated probation violations. The district court concluded that, in the absence of an adjudicated probation violation, Hanes was entitled, as a matter of law, to withdraw his guilty plea and have the case dismissed pursuant to I.C. § 19–2604(1). The state appeals.

The state contends that the district court erred when it determined that an absence of

adjudicated probation violations in the record satisfied the requirements of I.C. § 19–2604(1). The state asserts that, in light of the state's objection, the statutory language requires that Hanes offer evidence of his compliance, rather than just relying on an *absence* of evidence in the record and that Hanes failed to meet his burden under the statute.

■ When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Code Section 19–2604(1), states, in pertinent part:

If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

In this case, the district court based its ruling on this Court's previous decision in *State v. Schumacher*, 131 Idaho 484, 959 P.2d 465 (Ct.App.1998).[2] In *Schumacher*, after

---

1. The dissent makes reference to I.C. § 18–310 and its effect of automatically restoring the full rights of citizenship upon completion of probation. However, the motion filed by Hanes in this case did not reference I.C. § 18–310 or request a restoration of the full rights of citizenship.

2. The district court in this case was the same district court involved in *Schumacher*.

being discharged from supervised probation the defendant filed an application requesting that his guilty plea be withdrawn and his judgment of conviction be set aside pursuant to I.C. § 19–2604(1). The state opposed the application, arguing that Schumacher's record reflected two probation violations for marijuana use. The state asserted that the two probation violations precluded the relief sought. The district court disagreed and granted Schumacher's application.

On appeal this Court reversed and held that the "expungement statute creates an extraordinary remedy for a defendant who has strictly adhered to the terms of probation." *Id.* at 486, 959 P.2d at 467. This Court determined that I.C. § 19–2604(1) clearly and unambiguously states that a defendant cannot have his or her guilty plea set aside if the defendant has violated the terms of probation. *Id.* at 487, 959 P.2d at 467.

During the hearing on Hanes's motion, the district court explained its interpretation of I.C. § 19–2604(1) in light of the *Schumacher* decision:

> If simply running afoul of the terms and conditions of probation and being incarcerated on a discretionary level by the probation officer prevents one from later coming in and seeking a dismissal of the charge, I'm certainly operating under a misapprehension of the law.
>
> I thought 2604 dealt with adjudications of violation of one's probation, or at that's the—that's the operating model that I have been sentencing under. And if I'm wrong in that aspect I'd like to be disabused of that notion now.

It appears that the district court interpreted our holding in *Schmacher* to be that if there is no evidence of an adjudicated probation violation then relief will be granted under the statute as a matter of law, stating:

> But I think there is a distinction between an adjudicated probation violation and something that has only resulted in orders to show cause. And my hope is that this will provide guidance to the prosecutor's office as well, so that if they don't want this mechanism to be available to someone they should pursue that order to show cause and try to obtain an adjudica-

tion that someone is in violation of the terms and conditions of his or her probation.

▪ The district court has misinterpreted our holding in *Schumacher* and its interplay with I.C. § 19–2604(1). The statute requires the defendant to show that he or she has at all times complied with the conditions of probation. The holding in *Schumacher* recognizes that when a defendant has been adjudicated to be in violation of probation, the adjudication constitutes prima facie evidence of noncompliance. However, if the defendant moves for relief under I.C. § 19–2604(1), the record lacks any evidence of an adjudicated probation violation and the prosecutor objects on the basis that the defendant has not at all times complied, the statute places a burden upon the defendant to bring forth evidence of compliance. The statute also places a burden on the district court to weigh the evidence presented and make factual findings regarding whether the defendant was in compliance at all times. In this case, the district court specifically stated it had not done this:

> All I have before me now are allegations as far as I'm concerned. And I don't have facts and I haven't determined facts.

We conclude that the district court erred by treating the issue as a matter of law. Without factual findings, we must reverse the district court's order granting the motion and remand this case for further proceedings.

In the absence of an adjudicated probation violation, I.C. § 19–2604(1) requires the district court to weigh the evidence submitted and make factual findings as to whether the defendant "has at all times complied" with the terms and conditions of probation. The district court refrained from making any such factual findings in this case. Therefore, we reverse the district court's order granting Hanes's motion to set aside his guilty plea and dismiss his case, and we remand for further proceedings.

Judge GUTIERREZ, concurs.

Judge WESTON, dissents.

I must respectfully dissent from the opinion of the Court for two reasons:

I believe that the strict application of the holding in *State v. Schumacher* 131 Idaho 484, 959 P.2d 465 (Ct.App.1998) to the facts of a case in which the defendant received a withheld judgment and has successfully completed probation is erroneous. In *Shumacher*, the defendant was convicted of two counts of delivery of a controlled substance. This conviction resulted in the loss of the defendant's civil rights because of the operation of Article VI, Section 3 of the Idaho Constitution.[1] A defendant who has been convicted must seek the expungement of his conviction under I.C. § 19–2604. *Schumacher* notes that this is "an extraordinary remedy" which is denied to probationers who have been adjudicated to be in violation of the terms of their probation. It seems clear that under I.C. § 19–2604 a defendant who seeks to have his conviction expunged from the record carries the burden of producing evidence and also the burden of persuading the court that the expungement of the felony conviction is in the best interest of society.

However, the case takes a different posture when the trial court has withheld the imposition of judgment and placed the defendant on probation for a stated period of time. The defendant has not *lost* his rights of citizenship under Article VI, Section 3 of the Idaho Constitution because the defendant has not been *convicted* of a felony. The civil rights of a defendant who has been granted a withheld judgment and placed on probation are merely *suspended* during the period of probation by operation of I.C. § 18–310. However, I.C. § 18–310(2) is clear that upon completion of probation the suspension of the defendant's civil rights is lifted and the defendant is *automatically* "restored to the full rights of citizenship" upon satisfactory completion of probation.[2] Under I.C. § 18–

310(2) the defendant need not establish that he "at all times has complied with the terms of probation" as required by the language of I.C. § 19–2604(1). In order to have his plea of guilty withdrawn and the case dismissed, the defendant is necessarily proceeding under I.C. § 19–2604(1) which requires the exercise of discretion by the Court. I agree with the majority opinion that the trial court was in error in its opinion that the Court did not have discretion; a decision under I.C. § 19–2604(1) always calls for the exercise of discretion. However, in the case of a defendant who has never been convicted of a felony, and who has been released from probation, the quantum of proof should not be as strict as a defendant who has been convicted of a felony.

My second ground for dissenting from the majority opinion is based upon the posture of the case as it was presented to the trial court and to this court. I believe that any error on the part of the trial court was harmless. The probation officer who was handling the defendant's case filed a Request and Order of Discharge on October 2, 2000, reciting that the defendant "has satisfactorily complied with the terms and conditions of the probation and cannot be further aided by probation supervision ...." and requesting that the defendant be discharged from probation. The prosecuting attorney approved and joined in the motion by signing the Request for Order of Discharge. The defendant was discharged from probation on October 30, 2000, and restored to his full rights of citizenship by operation of I.C. § 18–310(2). On January 16, 2001, the defendant then moved to set aside his plea of guilty and dismiss the case. The prosecuting attorney filed a response to that motion which pointed out that during the term of the defendant's probation

1. § 3. Disqualification of certain persons.—No person is permitted to vote, serve as a juror, or hold any civil office who is under guardianship, or who, has, at any place, been convicted of a felony, and who has not been restored to the rights of citizenship....

2. 18–310. Imprisonment—Effect on civil rights and offices.—(1) A sentence of custody to the Idaho state board of correction *suspends* all of the civil rights of the person so sentenced including the right to refuse treatment authorized by the sentencing court, and forfeits all public of-

fices and all private trusts, authority or power during such imprisonment ..., and provided further that any such person may lawfully exercise all civil rights that are not political during any period of parole or probation....

(2) Upon final discharge of a person convicted of any Idaho felony ... a person shall be restored the full rights of citizenship. As used in this subsection "final discharge" means satisfactory completion of imprisonment, probation and parole as the case may be.

there had been two reports of violation filed against the defendant which were later withdrawn. The prosecuting attorney then submitted "this matter to the court for decision without hearing or argument." The trial court properly held that unadjudicated and withdrawn · allegations of violation were, standing alone, of no consequence.[3] In my opinion, the trial court and the defendant were both entitled to rely upon the record which contained the motion of the probation officer (which was approved by the prosecuting attorney) that the defendant had satisfactorily complied with the terms of probation. I would affirm the action of the trial court.

3. Technically, the Reports of Violation fail to allege a violation. They merely recite that the defendant is behind in is payments and fail to allege that the arrearage is "willful" as required by *State v. Lafferty,* 125 Idaho 378, 870 P.2d 1337 (Ct.App.1994).