**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39276**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 575** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 3, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JANET PALMA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order denying motion to modify judgment of conviction, <u>vacated</u>, and <u>case remanded</u>.

Kohler Law Offices, P.A.; Jay A. Kohler, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Janet Palma appeals from an order denying her motion to amend her judgment of conviction from a felony to a misdemeanor. We vacate the district court's order and remand for further proceedings.

**I.**

**BACKGROUND**

Palma pleaded guilty to one count of forgery and was sentenced on November 18, 1996, to a unified term of three years' imprisonment with one year fixed. The district court suspended the sentence and placed Palma on probation. Under the terms of her probation, Palma was required to complete fifty hours of community service and graduate from high school or obtain a GED in addition to various other requirements. Prior to the expiration of her probation, Palma was permitted to have her supervision transferred to the state of Arizona via an interstate compact.

1

On November 13, 1999, a probation officer with the Idaho Department of Correction (IDOC) wrote a letter to the court indicating that Palma had completed some, but not all, of the terms of her probation. Because the IDOC anticipated that the "expense of violating Ms. Palma and attempting to return her to the state of Idaho would no doubt be greater than the completion of a GED, and Community Service," it recommended that Palma "be granted an unsatisfactory discharge from probation." On December 2, the district court entered a discharge order stating that Palma "has unsatisfactorily complied with all of the terms and conditions of her said probation; and that she is now entitled to be discharged and fully released therefrom."[1]

In May 2011, Palma filed a motion requesting an amendment of the judgment of conviction from a felony to a misdemeanor.[2] The court denied Palma's motion after concluding that "Palma's case has already seen the utilization of Idaho Code Section 19-2604(1), albeit by motion of the State," and that her "failure to appeal the unsatisfactory discharge in the *Discharge Order* waived her current attempt to amend the *Judgment* by means of Idaho Code § 19-2604(1)." Palma appeals and asserts that the district court erred by concluding that Palma waived her ability to seek relief under Section 19-2604.

## II.

## ANALYSIS

Idaho Code Section 19-2604(1) currently provides:

> (1) If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that:
> (a) The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation
> . . . .
> the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest . . . amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

---

[1] Palma contends that she never received notice of the discharge order.

[2] Palma erroneously requested the relief pursuant to Idaho Code Sections 19-2605(2) and 19-2604(2). However, the State conceded that the court had authority and discretion to grant the relief Palma requested under Idaho Code Section 19-2604(1).

Whether a defendant is entitled to relief under Idaho Code Section 19-2604 rests within the discretion of the district court. *State v. Mowrey*, 134 Idaho 751, 753, 9 P.3d 1217, 1219 (2000); *State v. Hanes*, 137 Idaho 40, 41, 44 P.3d 295, 296 (Ct. App. 2002); *Housley v. State*, 119 Idaho 885, 887, 811 P.2d 495, 497 (Ct. App. 1991). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). We conclude that the district court here did not act consistently with applicable legal standards.

The issue in this appeal is whether Palma's "unsatisfactory" discharge from probation or her failure to appeal the discharge order precluded her from seeking an amended judgment under Idaho Code Section 19-2604(1). The State concedes that the discharge order, made pursuant to the IDOC's request for an unsatisfactory discharge, "had no bearing on whether Palma could request amendment of her judgment" from a felony to a misdemeanor. The State also concedes that the district court erred by concluding that Palma waived her right to seek relief under Section 2604(1) by not appealing the discharge order. We agree with both of the State's concessions.

It appears that the district court treated the 1999 discharge order as a finding of a probation violation. In doing so, the district court erred. The discharge order does not identify terms or conditions, if any, that Palma allegedly violated. Instead, it ambiguously states that Palma "has unsatisfactorily complied with all the terms and conditions of her said probation; and that she is now entitled to be discharged and fully released therefrom." More importantly, the court's comment that Palma had unsatisfactorily complied with the terms of her probation was made *ex parte*, based solely on the probation officer's unsworn letter, and not as part of formal proceedings in which Palma had an opportunity to participate or contest the allegations. The State made no attempt to prove a probation violation, preferring instead to avoid the cost of formal probation violation proceedings, so there was no actual evidence presented upon which a finding could have been based. Because there was no formal determination of a probation

violation, the unappealed order does not preclude relief under Idaho Code Section 19-2604 for Palma.[3]

The discharge order also did not constitute a prior utilization of Idaho Code Section 19-2604(1) in this case, for it did not address the type of relief contemplated by that statute. Section 19-2604(1) provides an avenue for relief if "sentence has been imposed but suspended, or if sentence has been withheld, *upon application of the defendant*." I.C. § 19-2604(1) (emphasis added). The 1999 order of discharge was not entered "upon application of the defendant," and was not based upon invocation of Section 19-2604(1).

Our opinion that Palma did not waive the right to seek relief does not intimate any view as to whether she should be granted the requested relief. In making that determination, the district court must consider the factors set forth in the applicable statute, including whether an amended judgment would be compatible with the public interest. Palma will bear the burden to show that relief should be granted.[4] *Hanes*, 137 Idaho at 42, 44 P.3d at 297.

For the foregoing reasons, we vacate the court's order and remand for further proceedings.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[3]  Because we conclude that failure to appeal from the discharge order did not waive Palma's right to request relief, we do not address her assertion that she was unable to appeal the order as a result of lack of notice.

[4]  The State suggests that the current version of Idaho Code Section 19-2604(1) does not apply to Palma's motion. That is an issue to be addressed by the district court on remand. We note that when the district court discharged Palma from probation in 1999, Section 19-2604(1) permitted setting aside a judgment of conviction if several conditions were met, including that "the defendant has at all times complied with the terms and conditions upon which he was placed on probation." I.C. § 19-2604(1) (1997). That statute was amended, effective July 1, 2011, to permit a district court to either set aside or amend a judgment of conviction if several conditions are satisfied, including a showing that "The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation," 2011 Idaho Sess. Laws, ch. 187, § 1 at 537. Thus, only the amended statute permits a court to amend the judgment, as Palma requested, and it establishes a more lenient standard for relief.