## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 42989

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 407 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 25, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RILEY MICHAEL BECK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Jonathan P. Brody, District Judge.

Order denying motion for exemption of requirement to register as sex offender, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Riley Michael Beck appeals from the district court's order denying Beck's motion to exempt him from the requirement to register as a sex offender pursuant to I.C. § 18-8304. Specifically, Beck alleges that I.C. § 18-8304 is unconstitutional. For the reasons set forth below, we affirm.

Eighteen-year-old Beck pled guilty to three counts of enticement of a child through the Internet. I.C. § 18-1509A. Beck filed a motion to exempt himself from the sex offender

registration requirements set forth in I.C. § 18-8304,[1] arguing that the statute is unconstitutional because it denies him equal protection of the law under the United States and Idaho Constitutions. The district court denied Beck's motion. Beck appeals.

On appeal, Beck argues, as he did before the district court, that I.C. § 18-8304 violates equal protection because it requires eighteen-year-olds who are convicted of enticement of a child through the Internet to register as sex offenders but does not require eighteen-year-olds

---

[1]    Idaho Code Chapter 83 requires many categories of sex offenders to register with the sheriff in the county in which the offender resides. Section 18-8304(1) provides a list of offenses for which an individual is required to register. That section provides, in relevant part:

> (1)     The provisions of this chapter shall apply to any person who:
> (a)     On or after July 1, 1993, is convicted of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in section 18-909 (assault with intent to commit rape, infamous crime against nature, or lewd and lascivious conduct with a minor, but excluding mayhem, murder or robbery), 18-911 (battery with intent to commit rape, infamous crime against nature, or lewd and lascivious conduct with a minor, but excluding mayhem, murder or robbery), 18-919 (sexual exploitation by a medical care provider), 18-1505B (sexual abuse and exploitation of a vulnerable adult), 18-1506 (sexual abuse of a child under sixteen years of age), 18-1506A (ritualized abuse of a child), 18-1507 (sexual exploitation of a child), 18-1508 (lewd conduct with a minor child), 18-1508A (sexual battery of a minor child sixteen or seventeen years of age), 18-1509A (enticing a child over the Internet), 18-4003(d) (murder committed in perpetration of rape), 18-4116 (indecent exposure, but excluding a misdemeanor conviction), 18-4502 (first degree kidnapping committed for the purpose of rape, committing the infamous crime against nature or for committing any lewd and lascivious act upon any child under the age of sixteen, or for purposes of sexual gratification or arousal), 18-4503 (second degree kidnapping where the victim is an unrelated minor child), 18-5605 (detention for prostitution), 18-5609 (inducing person under eighteen years of age into prostitution), 18-5610 (utilizing a person under eighteen years of age for prostitution), 18-5611 (inducing person under eighteen years of age to patronize a prostitute), 18-6101 (rape, but excluding 18-6101(1) where the defendant is eighteen years of age), 18-6108 (male rape, but excluding 18-6108(1) where the defendant is eighteen years of age), 18-6110 (sexual contact with a prisoner), 18-6602 (incest), 18-6605 (crime against nature), 18-6608 (forcible sexual penetration by use of a foreign object), 18-6609 (video voyeurism where the victim is a minor or upon a second or subsequent conviction), 18-7804 (if the racketeering act involves kidnapping of a minor) or 18-8602(1), Idaho Code, (sex trafficking).

who are convicted of nonforcible, statutory rape to register as sex offenders. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike. *State v. Hamlin*, 156 Idaho 307, 316, 324 P.3d 1006, 1015 (Ct. App. 2014). Equal protection issues focus on classifications within statutory schemes that allocate benefits or burdens differently among the categories of persons affected. *Id.* Equal protection claims require a three-step analysis: the reviewing court must identify the classification that is being challenged, determine the standard under which the classification will be judicially reviewed, and then decide whether the appropriate standard has been satisfied. *Id.*; *see also State v. Mowrey*, 134 Idaho 751, 754, 9 P.3d 1217, 1220 (2000).

Therefore, in order for Beck to prevail, he is required to show that he, by virtue of some classification, is being treated differently than a person who does not share that classification. Beck asserts that the classification at issue in this case is eighteen-year-olds who have been convicted of nonforcible statutory rape versus eighteen-year-olds who have been convicted of enticement of a child through the Internet. Beck asserts that the legislature's disparate treatment of "similarly culpable" eighteen-year-olds creates a classification subject to an equal protection challenge. We hold that Beck has failed to meet his burden on the first step of the equal protection analysis because he has not shown that he was treated differently by virtue of some classification. Despite Beck's assertion, eighteen-year-olds who commit the crime of statutory rape under I.C. § 18-6101(1) and eighteen-year-olds who commit the crime of enticement of a child through the Internet are not "similarly culpable." Each is guilty of a different crime, is culpable for the commission of that crime, and is subject to the penalties associated with the crime he or she committed. Similarly, an eighteen-year-old individual who commits any other crime is subject to the penalties associated with that specific crime. Each defendant being eighteen years old does not create a classification in which all must be ordered to register as sex offenders or all must be exempt from registration.

Beck has not met his burden of showing that he belongs to a classification and that, by virtue of that classification, he was treated differently than similarly situated individuals who do

3

not belong to the classification.[2] Beck has only shown that he committed a crime distinct from statutory rape and that the two crimes have different associated penalties--one requiring sex offender registration while the other does not. The district court's order denying Beck's motion to exempt him from the requirement to register as a sex offender pursuant to I.C. § 18-8304 is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[2] Because Beck has failed to meet his burden on the first step of the three-part analysis, this Court need not address the other two.