**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49114**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | **Filed: November 23, 2022** |
| Plaintiff-Respondent, | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | **THIS IS AN UNPUBLISHED** |
| TYLER SHAWN CLAPP, | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order of the district court denying motions to discharge defendant or amend judgment, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Tyler Shawn Clapp was placed on probation after pleading guilty to felony driving under the influence (DUI). Idaho Code § 18-8004. After Clapp's probation ended, he filed two pro se motions under I.C. § 19-2604 requesting that his case be dismissed, or the conviction reduced to a misdemeanor. The district court denied the motions. Clapp appeals from that order arguing that the district court erred in concluding Clapp was precluded from obtaining relief under I.C. § 19-2604(2). For the reasons below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Clapp pled guilty to felony DUI and concealing a dangerous weapon. I.C. §§ 18-8004, 18-3302. The district court imposed a unified sentence of five years with two years determinate and retained jurisdiction. At the time of his conviction in this case, Clapp was on probation in a 1999

1

case for aiding and abetting burglary. Within days after sentencing in this case and before he could begin to serve his retained jurisdiction in this case, Clapp's probation in the burglary case was revoked, and his sentence executed due to numerous probation violations. Thereafter, on January 13, 2004, Clapp's sentence in this case was suspended, and he was placed on probation for a period of four years. During this probation, Clapp never admitted to, nor did the district court ever find, a violation of the conditions of his probation in this case.

Upon completion of probation, Clapp moved the district court for dismissal of his case, which was denied because of the overlap of probation in this case with Clapp's sentence imposed after probation violations in an unrelated case. That denial was without prejudice. Clapp filed a renewed motion ten years later under I.C. § 19-2604(1), which was denied because that section did not apply to Clapp's case. This Court affirmed the district court's denial of the motion, holding that I.C. § 19-2604(1) did not apply. *State v. Clapp*, Docket No. 48049 (Idaho Ct. App. July 8, 2021) (unpublished).

Thereafter, and in regard to this appeal, Clapp filed two pro se motions under I.C. § 19-2604 seeking to have his case dismissed or the conviction reduced to a misdemeanor. The district court considered the motions as a request for relief under I.C. § 19-2604(2). The district court denied Clapp's motions after considering Clapp's actions prior to, during, and following his probation. Clapp timely appeals.

## II.

## STANDARD OF REVIEW

The granting of a motion to amend a judgment of conviction pursuant to I.C. § 19-2604(2) rests within the discretion of the district court. *State v. Shock*, 133 Idaho 753, 754, 992 P.2d 202, 203 (Ct. App. 1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly erceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

2

## III.

## ANALYSIS

Clapp argues that the district court erred by considering information outside of the current case in determining he was not eligible for relief under I.C. § 19-2604(2)(a). The State argues the district court properly denied Clapp's motions and Clapp failed to show reversible error.

Clapp's motions are governed by I.C. § 19-2604(2)(a), which provides:

> (2) If sentence has been imposed but suspended for any period during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction, and the defendant placed upon probation as provided in subsection 4. of section 19-2601 or 19-2601A, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that:
>
> > (a) The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation;
> >
> > . . . .
>
> the court may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

Clapp contends, and it is undisputed, that he did not admit and the district court did not find any probation violations *in this case*. Therefore, Clapp asserts that he is eligible for relief under I.C. § 19-2604(2) and the district court erred by holding otherwise. Specifically, Clapp argues that the district court erroneously relied on his probation violations and revocation of probation in the burglary case, which occurred before his probation in this case, and also relied on new criminal charges which occurred after his probation in this case, to determine that he did not meet the eligibility requirements of I.C. § 19-2604(2)(a).

In *Shock*, 133 Idaho at 755, 992 P.2d at 204, this Court held that there are certain prerequisites in the statute that must be satisfied before a court may exercise its discretion to amend the judgment of conviction. In *State v. Schwartz*, 139 Idaho 360, 362-63, 79 P.3d 719, 721-22 (2003), the Court stated that subsection (2) only applies to defendants placed on probation after a period of retained jurisdiction and, further, that only defendants who complete a period of probation without admitting and without the trial court finding a probation violation "regarding the charge at issue" may seek relief under subsection (2). Specifically, the Court explained:

> The statute in this case is clear. The defendant must have "at all times complied with the terms of his probation." The phrase "at all times" means just

3

that. A defendant who has at any time failed to do what he or she was required to do while on probation *in a particular case* has not at all times complied with the terms and conditions of his or probation *in that case*.

*Id*. at 362, 79 P.3d 721 (emphasis added). Here, the State does not argue that a trial court may consider conduct and occurrences in other cases in its evaluation of a defendant's eligibility for relief under I.C. § 19-2604(2). Therefore, we are not asked to decide or further hold that the analysis is limited to admission and/or finding of a probation violation solely in the case at issue.[1] Therefore, we assume without deciding that the district court erred in holding that "Defendant has not satisfied the pre-requisites required under Idaho Code section 19-1604(2) that would allow the Court to consider amending his Judgment of Conviction in this case from a felony to a misdemeanor."

The State contends that the district court, despite finding that the prerequisites of the statute had not been met, alternatively ruled on the merits of the motion to amend and properly denied the motion. Clapp contends that the State is attempting to recast the district court's ruling as alternative holdings when, in fact, the ruling was limited to the prerequisites of the statute. Both the State and Clapp acknowledge that once the prerequisites are met, the trial court is empowered to exercise its discretion in determining whether to grant or deny relief. The statute places no limitation on what the court may consider. *See Shock*, 133 Idaho at 755, 992 P.2d at 204. *See also Housley v. State*, 119 Idaho 885, 811 P.2d 495 (Ct. App. 1991) (trial court may evaluate events occurring before and after probation in considering whether to grant or deny motions to amend).

The question then is whether the district court's decision was limited to a determination that the statutory prerequisites had not been met or that the district court also, alternatively, denied the motion on the merits. "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015) (quoting *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007)).

---

[1]    We note that the language of Idaho Code § 19-2604(2) is now somewhat different than it was when *Schwartz* was decided. The prior version of the statute required the defendant to show that he "at all times complied with the terms and conditions of his probation," whereas the current version requires the defendant to show that "the Court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation." I.C. § 19-2604(2).

In its decision, the district court first recounted the denial of Clapp's prior I.C. § 19-2604 motion and its finding at the time that there was no good cause for relief because, after his probation expired in this case, Clapp accrued new criminal convictions. Thereafter, the district court highlighted that under the terms of the statute the court "*may*" in its discretion grant a motion to amend a judgment. The district court noted that under the plain language of I.C. § 19-2604(2), once the prerequisites are met the court's discretion was not limited to a consideration of the events occurring after a defendant was placed on probation, but that the court must also consider events that occur before, during, or after probation. The district court acknowledged that while Clapp asserted he did not commit any new probation violations in this case, his behavior prior to and after probation was concerning. The district court considered that Clapp had many probation violations in the burglary case, and since his probation expired in this case he has been charged with two additional DUI charges and a probation violation in one of those cases. As noted, the district court held Clapp did not satisfy the prerequisites under I.C. § 19-2604(2) to allow the court to consider amending the judgment from a felony to a misdemeanor. Thereafter, the district court held that "in considering the actions of Defendant prior to, during and following his probation in this case, the Court declines to reduce his felony conviction to a misdemeanor." While as noted by Clapp, the district court did not expressly state that it was ruling in the alternative, there is no reason for the district court to "decline" to reduce the conviction if the court *could not* do so in the first place. The record supports the district court's exercise of its discretion to deny the motion based on the conduct outlined by the court. The district court did not err in refusing to reduce Clapp's conviction.

## IV.

## CONCLUSION

Accordingly, the district court's order denying Clapp's motions to discharge defendant or amend judgment is affirmed.

Judge BRAILSFORD and Judge Pro Tem MELANSON **CONCUR**.

5