824 P.2d 120

STATE of Idaho, Plaintiff–Respondent,

v.

Tammy WIEDMEIER, Defendant–Appellant.

No. 18770.

Supreme Court of Idaho,
Boise, November 1991 Term.

Jan. 15, 1992.

---

Fuller Law Offices, Jerome, for defendant-appellant. Greg J. Fuller, argued.

Larry EchoHawk, Atty. Gen., and Michael J. Kane, Deputy Atty. Gen., Boise, argued for plaintiff-respondent.

McDEVITT, Justice.

The issues presented by this appeal are:

I. Did the district court err in ruling that the appellant's sentence did not fall within the relief of I.C. § 19–2604? [1]

II. Does I.C. 19–2604 violate art. I, §§ 2 and 13 of the Idaho Constitution or the Fourteenth Amendment to the United States Constitution?

## THE FACTS

### A. *The Conviction.*

On January 28, 1980, the State filed an amended information against appellant and her two codefendants. In it, they were all charged with conspiracy to commit kidnapping, in violation of I.C. § 18–1701, and kidnapping, in violation of I.C. §§ 18–4501 and 18–4502. After initially pleading "not guilty" to the charges, the three defendants later changed their pleas to "guilty" after the State reduced the charge to second degree kidnapping.

### B. *The Sentencing Proceedings.*

The sentencing hearing was held on May 8, 1980. Appellant requested that she be sentenced pursuant to the 120–day retained jurisdiction program. The State requested that she be sentenced to eighteen (18) years in prison. After reviewing the sentencing memorandum and hearing argument, the court sentenced appellant to a maximum of ten (10) years for second degree kidnap-

ping, and a maximum of five (5) years for conspiracy. The order on sentencing stated that appellant's sentences would run concurrently with no jurisdiction retained, that she would remain in the Blaine County Jail as a witness for a pending case, and that she would receive credit for all jail time served since her arrest. The sentences were indeterminate.

On June 25, 1980, the Blaine County Sheriff petitioned the district court for an order permitting appellant to be placed on trustee status at the Blaine County Jail. The court granted the petition.

On August 28, 1980, appellant filed a motion for reconsideration of her sentence. The motion was made pursuant to I.C.R. 35, and it requested the district court to reduce appellant's sentence due to changed circumstances since the time of sentencing. The court denied the motion, and instead commuted the appellant's prison sentence to one (1) year in the Blaine County Jail, with credit for time served. In its memorandum decision, the court noted:

> Also, under this sentence the defendant will, for the rest of her life, be a felon and this fact will prevent her from ever voting, being a juror, holding a place of trust, working for government, owning a gun, etc.

On December 23, 1980, appellant filed a motion to release her from the remainder

---

**1.** This statute reads in full:

**19–2604. Discharge of defendant—Amendment of judgment.—**

1. If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

2. If sentence has been imposed but suspended during the first one hundred and eighty (180)

days of a sentence to the custody of the state board of correction, and the defendant placed upon probation as provided in subsection 4 of section 19–2601, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his *probation, the court may amend the judgment* of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

3. Subsection 2 of this section shall not apply to any judgment of conviction for a violation of the provisions of sections 18–1506, 18–1507 or 18–1508, Idaho Code. A judgment of conviction for a violation of the provisions of any section listed in this subsection shall not be expunged from a person's criminal record.

of her one (1) year sentence. The motion was granted the same day it was filed.

C. *Appellant's Efforts To Clear Her Record.*

On April 9, 1990, appellant filed a motion to clear her record of the felony convictions of conspiracy to commit kidnapping and second degree kidnapping. Appellant requested that the court allow her to withdraw her plea of "guilty," enter a plea of "not guilty," and clear the felony convictions from her record. After a hearing, the court denied the motion on April 30, 1990. The court's decision contained the following relevant analysis and ruling:

> [T]he relief sought by the defendant ... is not available under Idaho Code § 19-2604 nor available under Idaho Code § 18-111. After reviewing Idaho Code § 19-2604 in conjunction with Idaho Code § 19-2601, a dismissal of a felony charge is available only if a sentence has been imposed but suspended or if a sentence has been withheld and a reduction from felony to a misdemeanor is available only if the sentence has been imposed but suspended during the first 120 days of a sentence to the custody of the State Board of Corrections. Since the defendant's sentence in this case is a commuted sentence as defined by Idaho Code § 19-2601(1), the relief sought is not available under Idaho Code § 19-2604. Furthermore, Idaho Code § 18-111 is not applicable because this law appears to be a definition section for felonies, misdemeanors and infractions, not a procedure section to dismiss or reduce a felony.

Appellant then filed her notice of appeal on June 11, 1990. She appealed from the order of April 30, 1990, denying her motion to clear her record.

THE DISTRICT COURT DID NOT ERR IN RULING THAT THE APPELLANT'S SENTENCE DOES NOT FALL WITHIN THE RELIEF OF I.C. § 19-2604

 Appellant argues that the legislative intent of I.C. § 19-2604 is to give convicts who are sufficiently rehabilitated the opportunity to make a new life, and

that appellant's circumstances fall within this intent. However, our review of this statute satisfies us that the district court's ruling was correct; I.C. § 19-2604 does not apply to convicts who have had their original sentences *commuted.*

Idaho Code § 19-2601 gives the district court discretion to:

1. Commute a sentence, I.C. § 19-2601(1);

2. Suspend a sentence, I.C. § 19-2601(2) and (4); and

3. Withhold judgment, I.C. § 19-2601(3).

If a sentence has been suspended or withheld, I.C. § 19-2604(1) gives the district court discretion to "terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant." If a sentence has been suspended pursuant to I.C. § 19-2601(4), I.C. § 19-2604(2) gives the district court discretion to "amend the judgment of conviction from a term in the custody of the state board of correction to 'confinement in a penal facility' for the number of days served prior to suspension," and to deem the amended judgment a misdemeanor conviction. Nowhere in I.C. § 19-2604 is there a provision for relief from a commuted sentence.

We conclude that I.C. § 19-2604 is clear and unambiguous in this regard. When a statute is unambiguous, it must be interpreted in accordance with its language, *Moon v. Investment Board,* 97 Idaho 595, 548 P.2d 861 (1976), courts must follow it as enacted, *Newlan v. State,* 96 Idaho 711, 535 P.2d 1348 (1975), and a reviewing court may not apply rules of construction, *Roe v. Hopper,* 90 Idaho 22, 408 P.2d 161 (1965).

We therefore hold that the district court did not err in ruling that I.C. § 19-2604 does not apply to convicts who have had their sentence commuted.

WE WILL NOT CONSIDER THE CONSTITUTIONAL ATTACK ON I.C. § 19-2604 BECAUSE THIS ISSUE WAS NOT RAISED BELOW

The record before us is devoid of any challenge to the constitutionality of I.C. § 19-2604 in the district court. Instead, appellant challenged the constitutionality

of this statute, for the first time, in her brief to this Court. In *Sanchez v. Arave*, 120 Idaho 321, 815 P.2d 1061 (1991), the appellant did not challenge the constitutionality of I.C. § 12–122 until the appeal to this Court. We reiterated "[t]he longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal." *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. The exception being that "[c]onstitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. I.C. § 1–205." *Sanchez*, 120 Idaho at 322, 815 P.2d at 1062. In this case, since the exception does not apply, the longstanding rule controls, and we will not consider the equal protection challenge to I.C. § 19–2604.

## CONCLUSION

The order of the district court denying appellant's motion to clear her record is affirmed.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.