**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41199**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 417 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTIAN BUHLER, III, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge.

Order denying motion for expungement, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

In 1986, Christian Buhler, III, pled guilty to aggravated assault. The district court withheld execution of the sentence and placed Buhler on probation for three years. Buhler successfully completed probation and the district court thereafter discharged and released him from supervision. In 2012, Buhler filed a motion to expunge this conviction. The district court took judicial notice of the register of actions from a recent case in Madison County (CR-2012-0002433) and a National Crime Information Center (NCIC) report on Buhler. The district court held it did not possess the authority to expunge a conviction as requested in the motion. However, the district court also noted that it possessed the authority to grant alternative relief, such as a dismissal or reduction of the offense to a misdemeanor pursuant to I.C. § 19-2604(1). After a review of the record, the Madison County case and the NCIC report, the district court denied the motion. Buhler appeals, arguing the district court abused its discretion by failing to dismiss or, alternatively, reduce his conviction.

1

A district court's decision whether to grant relief under I.C. § 19-2604(1) is discretionary. *State v. Dieter,* 153 Idaho 730, 733, 291 P.3d 413, 416 (2012); *State v. Mowrey,* 134 Idaho 751, 753, 9 P.3d 1217, 1219 (2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

As Buhler concedes on appeal, the district court did not have the authority to expunge his record. *See State v. Parkinson*, 144 Idaho 825, 828, 172 P.3d 1100, 1103 (2007) (holding that I.C. § 19-2604 does not require or authorize the complete expungement of all records and references to a charge) *abrogated on other grounds by Verska v. St. Alphonsus Reg. Med. Ctr.,* 151 Idaho 889, 265 P.3d 502 (2011). Furthermore, the district court recognized that, under the circumstances of this case, it possessed the discretion to reduce or dismiss the charge if "compatible with the public interest." I.C. § 19-2604(1). The district court then considered Buhler's past and current criminal charges. Specifically, with respect to the Madison County case, the district court found Buhler was incarcerated on convictions for felony burglary, petit theft, and possession of burglarious instruments. In addition, with respect to the NCIC report, the district court stated:

> A cursory review of this NCIC report establishes that since Buhler completed his period of probation on the present charge, he has been charged and convicted of multiple felonies and misdemeanors in California, Idaho, Texas, and Utah. He has violated parole and been anything but a productive member of society. Therefore, the Court specifically concludes that it would be contrary to the public interest and the goal of I.C. 19-2604 to grant Buhler the relief he has requested.

Upon review of the record, there is substantial and competent evidence to support the district court's finding. We conclude the district court did not abuse its discretion in declining to dismiss or reduce Buhler's conviction. Accordingly, the district court's order denying Buhler's motion for expungement is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**