# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 48454

In Re: Order Certifying Question to the
Supreme Court of Idaho.

--------------------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ANTONIO FRANCISCO GUTIERREZ,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2021 Term

Filed: August 3, 2021

Melanie Gagnepain, Clerk

---

Certified question of law from the United States Court of Appeals for the Ninth District. Jay S. Bybee and Daniel P. Collins, Circuit Judges, and Richard G. Stearns, District Judge.

The answer to the certified question is no.

Hendrickson Law Firm, P.C., Billings, MT, attorney for Appellant, Antonio Gutierrez. Desi Seal argued.

United States Attorney's Office, Boise, attorney for Respondent, United States of America. Syrena Hargrove argued.

Idaho Association of Criminal Defense Lawyers (IACDL), Firearms Policy Coalition (FPC), Second Amendment Foundation (SAF), Idaho Second Amendment Alliance (ISAA), Federal Defender Services of Idaho (FDSI), and the Federal Defenders of Eastern Washington and Idaho (FDEWI), attorneys for *Amicus Curiae.*

---

BEVAN, Chief Justice.

This matter comes to the Idaho Supreme Court as a certified question from the United States Court of Appeals for the Ninth Circuit. The question certified is:

Whether an Idaho state court order reducing the defendant's judgment of conviction for felony burglary to a judgment of conviction for misdemeanor petit theft under the authority of Idaho Code § 19-2604(2) changes the operative conviction for the

1

purposes of Idaho Code § 18-310, which prohibits the restoration of firearm rights to those citizens convicted of specific felony offenses? *See* Idaho Code § 18-310(2).

Based on the plain language of Idaho Code section 19-2604 the answer to the Ninth Circuit's question is no. A grant of leniency under Idaho Code section 19-2604(2) does not remove a defendant originally convicted of an enumerated felony from the reach of section 18-310(2) and (3).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Antonio Gutierrez was indicted in the United States District Court for the District of Montana on four charges: (I) conspiracy to commit robbery affecting commerce (18 U.S.C. § 1951(a)); (II) robbery affecting commerce (18 U.S.C. 1951 § (a)); (III) possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)); and (IV) felon in possession of a firearm (18 U.S.C. § 922(g)(1)). These charges resulted from a robbery of Dotty's Casino in Billings, Montana, that involved a firearm.

The felon in possession of a firearm charge stemmed from Gutierrez's previous convictions under Idaho state law for burglary. In 2000, Gutierrez pleaded guilty to two counts of felony burglary. He was sentenced to the Idaho State Correctional Institution for a fixed term of two years and a subsequent indeterminate term of three years. On October 29, 2003, acting pursuant to Idaho Code section 19-2604(2), an Idaho district court ordered Gutierrez's burglary convictions "REDUCED to Misdemeanor Petit Theft." (Capitalization in original). The order specified that Gutierrez was "not to be considered a convicted felon because he has successfully complied with the terms and conditions of probation and paid all restitution/reimbursement and fines in full."

Before trial on his federal charges, the Government dismissed the conspiracy count and Gutierrez moved to dismiss the felon in possession of a firearm count because his judgment of conviction for burglary had been reduced to misdemeanor petit theft. The federal district court denied Gutierrez's motion, holding that his final discharge did not restore his firearm rights because he had been convicted of an enumerated offense under Idaho Code section 18-310(2), and he had not filed an application with the commission of pardons and parole to have his rights restored pursuant to section 18-310(3). *United States v. Gutierrez*, 2018 WL 3611753, at \*2 (D. Mont. July 27, 2018). After a jury trial, Gutierrez was convicted on the remaining three counts, including the felon-in-possession charge under 18 § U.S.C. 922(g).

2

Gutierrez appealed his conviction to the Ninth Circuit, asserting that the district court erred in determining that he was a felon prohibited from possessing any firearms. The Ninth Circuit acknowledged that to determine whether a defendant has a qualifying "conviction" under § 922(g), federal courts must look to state law. *See* 18 U.S.C. § 921(a)(20) (qualifying "conviction" excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less"). If a federal defendant's firearm rights have been restored by operation of state law, his state law conviction is invalidated for the purposes of § 922(g). *Van der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014). The Ninth Circuit recognized that the Idaho Supreme Court has not determined whether a reduction of a judgment of conviction for a particular felony offense to a judgment of conviction for a misdemeanor offense under Idaho Code section 19-2604(2), alters the operative judgment of conviction for the purposes of Idaho Code section 18-310. Thus, the Ninth Circuit certified the question to this Court.

## II. CERTIFIED QUESTION

Whether an Idaho state court order reducing the defendant's judgment of conviction for felony burglary to a judgment of conviction for misdemeanor petit theft under the authority of Idaho Code § 19-2604(2) changes the operative conviction for the purposes of Idaho Code § 18-310, which prohibits the restoration of firearm rights to those citizens convicted of specific felony offenses? *See* Idaho Code § 18-310(2).

## III. STANDARD OF REVIEW

Courts of the United States may certify a controlling question of law in a pending action to the Idaho Supreme Court where there is no controlling precedent in Idaho Supreme Court decisions and the determination would materially advance the orderly resolution of the litigation in the United States court. I.A.R. 12.3(a). This Court's role "is limited to answering the certified question" when the question presented is narrow. *Doe v. Boy Scouts of Am.*, 159 Idaho 103, 105, 356 P.3d 1049, 1051 (2015) (quoting *Peone v. Regulus Stud Mills, Inc.*, 113 Idaho 374, 375, 744 P.2d 102, 103 (1987) (noting that "to now decide [extraneous matters] would result in an advisory opinion on a question not certified."). This Court exercises free review over questions of law. *Harrigfeld v. Hancock*, 140 Idaho 134, 136, 90 P.3d 884, 886 (2004). "[T]he interpretation of a statute is a question of law over which this Court exercises free review." *State v. Gomez-Alas*, 167 Idaho 857, 861, 477 P.3d 911, 915 (2020) (quoting *State v. Osborn*, 165 Idaho 627, 629, 449 P.3d 419, 421 (2019)).

## IV. ANALYSIS

**A.** **Gutierrez's right to possess a firearm was not automatically restored when the district court amended his felony burglary conviction to a misdemeanor under Idaho Code section 19-2604(2) based on the plain language of the statute.**

This case hinges on the interpretation and interplay between two statutes: Idaho Code section 19-2604 and Idaho Code section 18-310. Idaho Code section 19-2604 provides a mechanism for a court to amend a defendant's prior criminal judgments and convictions. Subsection (1) empowers courts in some cases to set aside a defendant's guilty plea and dismiss the entire case—which "shall have the effect of restoring the defendant to his civil rights." Subsection (2) allows district courts to amend certain felony convictions to misdemeanors. Importantly, section 19-2604(2), which references sentences where the district court retains jurisdiction for up to 365 days while the defendant serves time in an Idaho Department of Corrections treatment program known colloquially as a "rider," is silent as to the restoration of a defendant's civil rights. Whether to grant a motion to amend under Idaho Code section 19-2604(2) rests within the discretion of the district court. *State v. Mowrey*, 134 Idaho 751, 753, 9 P.3d 1217, 1219 (2000); *State v. Wiedmeier*, 121 Idaho 189, 191, 824 P.2d 120, 122 (1992).

Idaho Code section 18-310 governs restoration of civil rights—including firearm rights—to individuals convicted of Idaho crimes. The general rule is that "upon final discharge, a person convicted of any Idaho felony shall be restored the full rights of citizenship." I.C. § 18-310(2). That said, for individuals convicted of certain enumerated felony offenses, including burglary, section 18-310(2) bars automatic restoration of "the right to ship, transport, possess, or receive a firearm[.]" For those individuals, section 18-310 provides a separate mechanism for firearm restoration: five years after final discharge of their sentence, a person convicted of an enumerated felony "may make application to the commission of pardons and parole to restore the civil right to ship, transport, possess or receive a firearm." I.C. § 18-310(3).

The original Idaho district court order specified that Gutierrez's conviction was "REDUCED to Misdemeanor Petit Theft." The order stated that Gutierrez was "not to be considered a convicted felon because he has successfully complied with the terms and conditions of probation and paid all restitution/reimbursement and fines in full." Based on this order, Gutierrez argues the United States district court erroneously denied his motion to dismiss the "felon in possession of a firearm" charge because his felony conviction no longer existed. Although U.S.C. § 922(g) is commonly referred to as the "felon in possession" statute, it does not turn eligibility for prosecution on a defendant's felony status, per se, but on whether a defendant's

4

firearm rights have been suspended. *See Van der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014).

Gutierrez argues that although it concerned Idaho Code section 19-2604(1) instead of subsection (2), his situation is akin to the defendant in *Manners v. State Board of Veterinary Medicine*, 107 Idaho 950, 694 P.2d 1298 (1985). In *Manners*, a veterinarian was charged with the felony crime of delivery of a controlled substance. 107 Idaho at 951, 694 P.2d 1299. Manners entered a guilty plea and the district court later suspended his sentence and placed him on probation. *Id*. After Manners successfully completed probation the court allowed him to withdraw his guilty plea and enter a plea of not guilty. The court entered an order dismissing the charge against Manners under Idaho Code section 19-2604(1). *Id*. After the charge was dismissed, the Board of Veterinary Medicine revoked Manners' license solely on the basis of his original felony conviction. *Id*. On appeal, this Court held that the felony conviction, which had been vacated, would not support revocation of his license. *Id*. at 952, 694 P.2d at 1300.

That said, in *State v. Robinson*, 143 Idaho 306, 142 P.3d 729 (2006), the Court held that even if a felony conviction is vacated, in some cases that does not necessarily remove a defendant from his or her obligation to comply with requirements triggered by the original felony conviction. After pleading guilty to forcible sexual penetration by the use of a foreign object, Robinson was placed on probation. 143 Idaho at 307, 142 P.3d at 730. Following the successful completion of that probation, Robinson moved to have his guilty plea set aside and his case dismissed under Idaho Code section 19-2604(1). The district court granted his motion. *Id*. Robinson then moved to be released from the sex offender registry and have his name expunged from the central record. *Id*. The district court denied his motion and the Idaho Supreme Court affirmed. *Id*. Robinson cited *Manners* to argue that because his guilty plea had been set aside and his case dismissed, he could no longer be considered a person who pleaded guilty to an enumerated offence under the Sexual Offender Registration Notification and Community Right-to-Know Act. *Id*. at 309, 142 P.3d at 732. The Court rejected Robinson's argument, stating that "*Manners* stands only for the proposition that I.C. § 19-2604(1) provides prospective relief, not retrospective relief." *Id*. at 309, 142 P.3d at 732. The Court held that although Idaho Code section 19-2604 can restore a person's civil rights, it cannot remove the statutory consequences that accompanied the sexual offense Robinson committed. Thus, once Robinson pleaded guilty, he was in the purview of the registration act. *Id*.

In sum, *Robinson* holds that even if a felony conviction is vacated, the defendant may have to comply with statutory consequences that accompanied the original felony offense. Gutierrez claims that his situation is distinguishable because his felony conviction of burglary had no other statutory requirements compared to the registration requirement in *Robinson*. Gutierrez proposes that once his conviction was amended to a misdemeanor under section 19-2604(2), he no longer held one of the enumerated felony offenses described in section 18-310(2), thus, section 18-310(3) no longer applied and he did not need to take any additional steps to restore his civil rights.

The Amici[1] contend the relationship between the courts and the commission of pardons and parole supports Gutierrez's interpretation that section 18-310 automatically restores firearm rights to those who receive a charge reduction order under section 19-2604(2). In particular, when an offender remains under the jurisdiction of the court—and when the court is tasked with supervising and evaluating the offender's performance and rehabilitation—section 19-2604 gives the court authority to decide whether that offender has earned a measure of relief from his original conviction (either dismissal of the charges under section 19-2604(1), or their reduction from a felony to a misdemeanor under section 19-2604(2)). By contrast, when an offender has been placed in the custody of the Idaho Department of Correction—or if he has already completed serving his sentence—then section 18-310(3) gives the commission of pardons and parole authority to decide whether that offender should receive relief. *See, e.g.,* I.C. § 18-310(3). The Amici argue Gutierrez's interpretation operationalizes the allocation of authority between the commission and the court that sections 18-310 and 19-2604 are intended to accomplish. Under his interpretation, the commission plays an important role in evaluating whether one group of offenders—those not subject to the courts' continued jurisdiction—should have their firearm rights restored. But, courts also retain a role in this assessment in that they can evaluate whether individuals under their supervision have proven themselves worthy of having their conviction reduced from a felony to a misdemeanor or dismissed entirely.

The objective of statutory interpretation is "to derive the intent of the legislative body that adopted the act." *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015) (quoting *State v. Dunlap*,

---

[1] The Idaho Association of Criminal Defense Lawyers, Firearms Policy Coalition, Second Amendment Foundation, Idaho Second Amendment Alliance, Federal Defender Services of Idaho, and the Federal Defenders of Eastern Washington and Idaho (collectively "the Amici") filed an amicus brief in support of Gutierrez.

155 Idaho 345, 361, 313 P.3d 1, 17 (2013)). Interpretation of a statute begins with its plain language. *Id*. The statute is considered as a whole, with each word being given its "plain, usual, and ordinary meaning[ ]." *Id*. When the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect; the Court need not go beyond the plain meaning of the statute. *Id*.

Gutierrez's interpretation and the position taken by the Amici ignore the plain language of sections 19-2604 and 18-310. First, Idaho Code section 19-2604(1) specifies that when a defendant receives a dismissal under that subsection it "shall have the effect of restoring a defendant to his civil rights." However, the statute does not specify what effect, if any, a grant of leniency subsection (2) has. The Government contends this makes sense because "the greater grant of leniency results in the greater restoration of rights."

"This Court has been reluctant to second-guess the wisdom of a statute and has been unwilling to insert words into a statute that the Court believes the legislature left out, be it intentionally or inadvertently." *Saint Alphonsus Reg'l Med. Ctr. v. Gooding Cty.*, 159 Idaho 84, 89, 356 P.3d 377, 382 (2015); *see also Estate of Bell v. Commissioner*, 928 F.2d 901, 904 (9th Cir. 1991) ("Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another."). The legislature included the automatic restoration of a defendant's civil rights in Idaho Code section 19-2604(1) and omitted it in subsection (2). It would be inappropriate for us to conclude that Gutierrez's civil rights were automatically restored applying the plain language of the statute.

Second, this Court's comments in *Rich v. State*, 159 Idaho 553, 364 P.3d 254 (2015) are relevant to the analysis here of both sections 19-2604 and 18-310. The Court recognized the distinction between section 19-2604(1) and subsection (2), and that those two subsections, read together, support the Government's suggestion that Gutierrez still needed to comply with section 18-310(3) even though his felony had been amended to a misdemeanor conviction under section 19-2604(2). Rich was indicted for the felony crime of rape, an enumerated offense under Idaho Code section 18-310. *Id*. at 554, 364 P.3d at 255. Rich was later granted relief under Idaho Code section 19-2604(2) and his conviction was reduced to a misdemeanor. *Id*. Much like Gutierrez's order, the district court's order specified "the Judgment is hereby deemed a misdemeanor conviction, thereby restoring [Mr. Rich] to his civil rights." *Id*. Rich later sought a declaratory judgment to establish that the section 19-2604(2) reduction restored all his civil rights, including

his firearm rights. *Id.* The district court dismissed the case on two grounds: (1) Rich lacked standing; and (2) based on Idaho Code section 18-310, the appropriate mechanism to restore Rich's civil rights was through application to the commission of pardons and parole, not through the district court. *Id.*

Rich only appealed one ground, thus, this Court affirmed the district court's dismissal on appeal as a matter of procedure. *Id.* at 555, 364 P.3d at 256 ("Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis."). However, in a footnote the Court recognized that at the time Rich committed the rape, section 18-310 required application to the commission of pardons and parole to have his right to ship, transport, possess or receive a firearm restored. *Id.* at n.3. The Court also made a point of distinguishing between a district court setting aside a defendant's plea and dismissing the case under Idaho Code section 19-2604(1), which "shall have the effect of restoring the defendant to his civil rights" and deeming a judgment to be a misdemeanor conviction under subsection (2). *Id.*

We now affirmatively hold that when a conviction has been amended under subsection (2), instead of vacated under subsection (1), the defendant convicted of one of the listed felonies in Idaho Code 18-310(2) must take an additional step to restore his right to ship, transport, possess or receive a firearm—the defendant must comply with section 18-310(3) and apply to the commission of pardons and parole.

That said, if Gutierrez's firearm rights were not automatically restored once his felony conviction was amended to a misdemeanor, the Amici argue that Idaho Code section 18-310 violates the Idaho Constitution, which guarantees the individual right to keep and bear arms to everyone who is not a "convicted felon." This guarantee is in article 1, section 11, which reads as follows:

> The people have the right to keep and bear arms, which right shall not be abridged; but this provision shall not prevent the passage of laws to govern the carrying of weapons concealed on the person nor prevent passage of legislation providing minimum sentences for crimes committed while in possession of a firearm, nor prevent the passage of legislation providing penalties for the possession of firearms by a convicted felon, nor prevent the passage of any legislation punishing the use of a firearm. No law shall impose licensure, registration, or a special taxation on the ownership or possession of firearms or ammunition. Nor shall any law permit the confiscation of firearms, except those actually used in the commission of a felony.

8

Idaho Const., art. 1, § 11.

In general, this Court "is obligated to seek an interpretation of a statute that upholds it[s] constitutionality." *Regan v. Denney*, 165 Idaho 15, 19, 437 P.3d 15, 19 (2019).

> Whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts; and it is held by many courts that where there is room for two constructions of a statute, both equally obvious and equally reasonable, the court must, in deference to the Legislature of the state, assume that it did not overlook the provisions of the Constitution, and designed the act to take effect.

*State v. Olivas*, 158 Idaho 375, 380, 347 P.3d 1189, 1194 (2015) (quoting *Grice v. Clearwater Timber Co.*, 20 Idaho 70, 77, 117 P. 112, 114 (1911)).

The Amici suggest that to avoid an unconstitutional interpretation of section 18-310, this Court need only hold that it does not apply to recipients of charge-reduction orders under section 19-2604(2) because—once the charge reduction order is entered—those individuals are no longer felons and no longer have felony convictions. This sentiment is shared by the dissent, which contends that "the legislature may impose limitations on the possession of firearms by a convicted felon. Idaho Const., art. 1, § 11. The legislature may not, however, impose such limitations on a convicted misdemeanant." However, the dissent fails to recognize that the legislature authorized the trial court to impose the firearm restriction when Gutierrez was convicted of burglary in 2000, which the district court properly did. Importantly, no restrictions were *imposed* or *lifted* by the district court after that. Thus, the district court's original limitation was never altered—it remained in force. Put another way, the dissent's analysis disregards that Gutierrez's rights were suspended under section 18-310 when he *was* convicted of a felony in 2000, and they were not automatically restored once his conviction was amended to a misdemeanor. The suspension stemmed from Gutierrez's status in 2000, not his status in 2003 when his conviction was amended. Ongoing consequences of the original felony may continue even after relief is granted under section 19-2604. *See Robinson*, 143 Idaho at 310, 142 P.3d at 733 ("Idaho Code § 19-2604(1) . . . cannot act, in this instance, to remove the statutory consequences of committing a sexual offense. Such removal would require a retrospective application . . . ."). Thus, just as Robinson had to comply with another statute (Idaho Code section 18-8304) even after his conviction was vacated, Gutierrez had to comply with Idaho Code section 18-310(3) to restore his firearm rights, even though his conviction had been amended to a misdemeanor.

9

Our decision today is narrowly tailored to the question regarding the automatic restoration of firearm rights, which is specifically governed by statute. This opinion does not support the inference that a defendant who has had his conviction amended to a misdemeanor would still carry the trappings of a felony conviction in any area other than firearm rights. As an example, such an individual would be fully eligible to vote, to serve on a jury, or to hold public office. *See* I.C. § 18-310(2) ("Upon final discharge, a person convicted of any Idaho felony shall be restored *the full rights of citizenship*" with the exception of "the right to ship, transport or receive a firearm" for those convicted of enumerated felony) (emphasis added); *see also Robinson*, 143 Idaho at 309, 142 P.3d at 732 (Idaho Code section 19-2604 provides prospective relief, not retrospective relief). Otherwise, such an interpretation could imply that a defendant could be considered convicted of both a felony, and a misdemeanor, for the same conduct. That conclusion does not flow from the Court's holding today. Our holding is that the firearm restrictions that were initially imposed by operation of Idaho Code section 18-310 are not automatically restored unless a conviction is *vacated* under Idaho Code section 19-2604(1). In all other circumstances, the suspension of firearm rights, once in place, can be restored only by following the explicit mandate of section 18-310. For the offenses listed in section 18-310(2), one must make an application to the commission of pardons and parole not less than five years after the date of final discharge. I.C. § 18-310(3). Consistent with this Court's holding in *Manners*, when a felony conviction has been vacated or amended, it cannot support *prospective* penalties or consequences based on the original conviction. 107 Idaho at 952, 694 P.2d at 1300. Contrary to the assertions of the dissent, this interpretation is not in conflict with Article I, Section 11 of the Idaho Constitution; it focuses solely on the statutory consequences for those who commit felonies. Our holding today merely upholds the policy of the legislature that the serious consequences for a defendant's felonious behavior remain in effect— even when a defendant's felony conviction is later reduced to a misdemeanor—unless the defendant complies with Idaho Code section 18-310.

## V. CONCLUSION

Based on the plain language of Idaho Code sections 19-2604 and 18-310, the answer to the Ninth Circuit's question is no. A grant of leniency under Idaho Code section 19-2604(2) does not remove a defendant originally convicted of an enumerated felony from the reach of section 18-310(2) and (3).

Justices MOELLER and BURDICK, CONCUR.

10

BRODY, J., dissenting.

I respectfully dissent because, in my view, the majority's interpretation of the relationship between Idaho Code section 19-2604(2) and Idaho Code section 18-310(2) would result in a violation of Article I, Section 11 of the Idaho Constitution. To avoid such a constitutional violation, I would hold that, under Idaho Code section 18-310(2), "a person convicted of any Idaho felony" does not include a person who has been deemed to be convicted of a misdemeanor pursuant to Idaho Code section 19-2604(2). Consequently, I would answer the certified question from the United States Court of Appeals for the Ninth Circuit in the affirmative.

> The people's right to possess firearms is enshrined in the Idaho Constitution:
>
> The people have the right to keep and bear arms, which right shall not be abridged; but this provision shall not prevent the passage of laws to govern the carrying of weapons concealed on the person nor prevent passage of legislation providing minimum sentences for crimes committed while in possession of a firearm, nor prevent the passage of legislation providing penalties for the possession of firearms by a convicted felon, nor prevent the passage of any legislation punishing the use of a firearm. No law shall impose licensure, registration or special taxation on the ownership or possession of firearms or ammunition. Nor shall any law permit the confiscation of firearms, except those actually used in the commission of a felony.

Idaho Const. art. I, § 11. Our Constitution makes it clear that, in most instances, the legislature shall not abridge the people's right to possess firearms. *Id.* With that said, however, the Idaho Constitution does not "prevent the passage of legislation providing penalties for the possession of firearms by a *convicted felon* . . . ." *Id.* (emphasis added). In other words, the legislature may enact a statute that prohibits a convicted felon from possessing firearms without offending the Idaho Constitution. *Id.*

When the district court amended Gutierrez's judgment of conviction on October 29, 2003, "the amended judgment [was] *deemed* to be a misdemeanor conviction." I.C. § 19-2604(2) (emphasis added). Thus, our law conclusively presumes that Gutierrez is a convicted misdemeanant—not a convicted felon. *See In re Dominy*, 116 Idaho 727, 729, 779 P.2d 402, 404 (1989) (quoting *Striebeck v. Emp. Sec. Agency*, 83 Idaho 531, 537, 366 P.2d 589, 591 (1961)) (stating that the word "deemed" creates a conclusive presumption). As explained above, the legislature may impose limitations on the possession of firearms by a convicted felon. Idaho Const. art. I, § 11. The legislature may not, however, impose such limitations on a convicted misdemeanant. *Id.* ("The people have the right to keep and bear arms, which right shall not be

11

abridged . . . .”). Therefore, because Gutierrez is a convicted misdemeanant, and not a convicted felon, it is not possible to interpret Idaho Code section 18-310(2) as limiting Gutierrez's right to keep and bear arms without violating Article I, Section 11 of the Idaho Constitution.

To resolve this issue, I conclude that, under Idaho Code section 18-310(1), Gutierrez did not have the "right to ship, transport, possess or receive a firearm" from the time the district court entered the judgment of conviction until the time the district court amended the judgment. During that period, it is undisputed that Gutierrez was subject to "[a] sentence of custody to the Idaho state board of correction . . . ." I.C. § 18-310(1). Therefore, the prohibitions delineated in Idaho Code section 18-310(1) applied to Gutierrez. After the judgment was amended on October 29, 2003, however, the provisions of Idaho Code section 18-310(1) did not apply to Gutierrez because he was not subject to a sentence of custody to the board of correction. Additionally, I conclude that Idaho Code section 18-310(2) did not apply to Gutierrez because he was not "a person convicted of any Idaho felony." Rather, Gutierrez was a person convicted of an Idaho misdemeanor. *See* I.C. § 19-2604(2). Stated differently, I would hold that, under Idaho Code section 18-310(2), "a person convicted of any Idaho felony" does not include a person who has been deemed to be convicted of a misdemeanor pursuant to Idaho Code section 19-2604(2).

My interpretation is consistent with *State v. Robinson*, 143 Idaho 306, 142 P.3d 729 (2006), the primary case relied upon by the majority for its assertion that the "[o]ngoing consequences of the original felony may continue even after relief is granted under section 19-2604." The central holding of *Robinson* was that once the defendant "came within the purview of the [sexual offender] registration act" by conviction for a sexual offense, "the leniency shown him under I.C. § 19–2604(1) could not change that status." *Id*. at 309, 142 P.3d 732.

Contrasting the operative status in *Robinson* with the operative status in this case is illustrative. In *Robinson*, the defendant was convicted of a sexual offense, but his conviction was later set aside under section 19-2604(1). *Id*. at 307, 142 P.3d at 730. The Court held that the defendant's status a sex offender was not altered by the setting aside of his sentence because the requirements for expungement from the sex offender registry are distinct from a grant of leniency under subsection (1) of Idaho Code section 19-2604. *Id*. at 308–09, 142 P.3d at 731–72. Here, however, the change in *status* from felon to misdemeanant is part and parcel of the grant of leniency under subsection (2) of that statute. *See* I.C. § 19-2604(2) (providing that "upon satisfactory showing that" specific requirements have been met "the court may amend the

judgment of conviction from a term in the custody of the state board of correction to 'confinement in a penal facility' for the number of days served prior to suspension, and the amended judgment may be *deemed* to be a misdemeanor conviction") (emphasis added). Because the "ongoing consequences" in this case relate to Gutierrez's status as a felon stemming from his 2000 conviction, and because leniency under section 19-2604(2) altered this status, the majority's reliance on *Robinson* is misplaced.

Because Gutierrez was not subject to the limitations set forth in Idaho Code section 18-310(1) after October 29, 2003, and because Idaho Code section 18-310(2) was not applicable, I would conclude that Gutierrez was not precluded from possessing a firearm after October 29, 2003. In effect, the reduction of the judgment from a felony conviction to a misdemeanor conviction automatically restored Gutierrez's right to keep and bear arms. To rule otherwise would result in a violation of Article I, Section 11 of the Idaho Constitution.

Justice STEGNER CONCURS.